# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS B. FOSTER,<br><br>                Plaintiffs,<br><br>          vs.<br><br>TULARE COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br><br>                Defendants. | **1:21-cv-00076-GSA-PC**<br><br>**<u>SCREENING ORDER</u>**<br><br>**ORDER DISMISSING COMPLAINT FOR<br>FAILURE TO STATE A CLAIM, WITH<br>LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE A<br>FIRST AMENDED COMPLAINT** |

## I.    BACKGROUND

Jonas B. Foster ("Plaintiff") is a former jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 19, 2021.  (ECF No. 1.)  Plaintiff's Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that the action or appeal fails to state a claim
upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that
the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken
as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores,
Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state
a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,
572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal
conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this
plausibility standard.  Id.

## III.   SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Avenal State Prison in Avenal, California.  The
events at issue in the Complaint allegedly occurred at the Tulare County South County Detention
Facility in Porterville, California.

Plaintiff does not indicate whether he was a pretrial detainee or serving a sentence of
confinement at the South County Detention Facility during the events at issue in the Complaint.
In an amended complaint Plaintiff must identify his status when he was detained at the South
County Detention Facility.

Plaintiff names as defendants Deputy Fulmer (Tulare County Sheriff's Department),
LVN Lisa (Wellpath Medical Provider), and RN Sarah H. (Wellpath Medical Provider)
(collectively, "Defendants").  They are sued in their official and individual capacities.  A
summary of Plaintiff's allegations follows:

Tulare County Sheriff's Department officials along with Wellpath Medical Provider employees violated Plaintiff's constitutional rights by acting with deliberate indifference when they were made aware of Plaintiff's serious medical need but failed to respond and summon care.

Plaintiff was a prisoner at the Tulare County South County Facility, which is located in the Eastern District of California. On October 25, 2020, at about 7:00am, Plaintiff suffered a broken bone in his right foot as the result of a fall while coming off his bunk to use the restroom. During the fall Plaintiff heard a distinctive "crack" in the affected area, which led Plaintiff to conclude that he had broken his foot. Comp. at 4:12. Plaintiff notified Sheriff's Deputies via a call box located in his assigned cell. The responder verified the incident and said that "medical" would be by at morning pill call. Comp. at 4:15.[1] Two hours later at about 9:00am, Defendant LVN Lisa, while giving Plaintiff pain medication for another existing issue, talked briefly with Plaintiff while he lay on the ground elevating his foot because of pain and swelling. The LVN stated, "It's only a toe. There's nothing we can do about it." Comp. at 4:18-19. Plaintiff's tray-slot door was closed and the LVN left to do the rest of her rounds.

Plaintiff filed a prison grievance which was turned in to Defendant Deputy Fulmer, who signed it and forwarded it to medical staff. Medical staff came to Plaintiff's cell door a short time later and told Plaintiff that he would be called in the morning, some 12-plus hours later.

On October 26, 2020, at about noon, Defendant RN Sarah H. called Plaintiff into "medical." Comp. at 4:26-27. RN Sarah H. and Plaintiff discussed the grievance and RN Sarah H. agreed with LVN Lisa. RN Sarah H. took a photo of the injured foot. There was substantial swelling and bruising. The RN ordered Plaintiff ice packs. That night at about 9:00pm, Plaintiff received one ice pack. One ice pack lasts 5-10 minutes. No other type of medical services were provided to Plaintiff by the Tulare County Sheriff's Department.

On October 27, 2020, at about 3:00am, Plaintiff was sent to state prison. Upon arriving at Wasco State Prison Reception Center, Plaintiff notified medical staff of his medical needs.

---

[1] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on Plaintiff's pagination of his Complaint.

3

Medical staff immediately took Plaintiff to their central health unit.  X-rays of Plaintiff's foot showed that he did in fact suffer a break of his metatarsal bone.  Metatarsal bones connect your toe bones to your ankle bones.  Surgery to move bones back into the right position was not needed because the break was not displaced.  However, Plaintiff's foot was immobilized and he was issued pain medication and crutches.

As relief, Plaintiff seeks compensatory and punitive damages, reasonable attorney's fees, costs of suit, and injunctive relief.

IV.    **PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

4

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    Pretrial Detainees

Plaintiff may have been a pretrial detainee at the South Valley Detention Facility during the events at issue in the Complaint.[2]

"[P]retrial detainees . . . possess greater constitutional rights than prisoners."  Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).  "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

---

[2] Plaintiff must identify, in an amended complaint, his status during the relevant time periods.

To succeed on an Eighth Amendment claim, plaintiffs need to prove both objective and subjective deliberate indifference.  Ahlman v. Barnes, 445 F. Supp. 3d 671, 688 (C.D. Cal. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 842 (1994).  A Fourteenth Amendment claim, however, requires only that they prove objective deliberate indifference.  Id.  (citing Gordon v. Cty. of Orange, 888 F.3d 1118, 1124–25 (9th Cir. 2018) ("[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard") (internal quotations omitted)).   To satisfy the objective prong, a plaintiff must show an "objectively intolerable risk of harm."  Id.  (citing Farmer, 511 U.S. at 842, 114 S.Ct. 1970).

The Ninth Circuit has established a four-part test to determine objective deliberate indifference:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id.  (citing Gordon, 888 F.3d at 1125.

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment.  See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441 U.S. at 538-39); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir.  2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir.

1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012).  Order and security are legitimate penological interests.  See White, 901 F.2d at 1504.

**B.    Plaintiff's Medical Claim**

The standard used for a medical claim is different depending on whether Plaintiff was a pretrial detainee or a convicted prisoner at the South Valley Detention Center.  For a convicted prisoner, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer, 511 U.S. at 832.  Conversely, the Due Process Clause of the Fourteenth Amendment is used to determine whether a pretrial detainee's rights were violated.

**1.    *Eighth Amendment Claim***

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical

///

needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson, 290 F.3d at 1188). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff claims the three Defendants -- Deputy Fulmer, LVN Lisa, and RN Sarah H. -- acted with deliberate indifference towards Plaintiff's serious medical needs following his fall from the bunk bed.

**Deputy Fulmer**

Plaintiff fails to state any medical claim against Defendant Deputy Fulmer as Plaintiff's only allegation against Fulmer is that he signed Plaintiff's grievance and forwarded it to medical staff. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Thus, Deputy Fulmer's reviewing and signing of Plaintiff's grievance, in which he complained about his medical care, does not cause or contribute to the violation of Plaintiff's rights to medical care. Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, any allegation by Plaintiff that Defendant Fulmer failed to properly process Plaintiff's grievance fails to state a cognizable claim.

**LVN Lisa**

Plaintiff's allegations against Defendant LVN Lisa do not currently state an Eighth Amendment medical claim against her.  LVN Lisa met with Plaintiff two hours after the injury and spoke to him.  She also administered pain medication, although it was for another medical issue.  She believed that Plaintiff only had a toe injury which could not be treated.

Plaintiff later discovered that he had broken a bone in his foot, which appears to constitute a serious medical need.  However under Plaintiff's allegations it has not been shown that LVN Lisa knew that Plaintiff had a serious injury, nor has it been factually demonstrated that she deliberately ignored a known risk of serious harm to Plaintiff.

Importantly, Plaintiff has not demonstrated that LVN Lisa was deliberately indifferent to Plaintiff's serious medical need, assuming for the moment that Plaintiff's broken toe was a serious medical need (see, Valladares v. Hubbard, 2011 US Dist Lexis 107998) .

Therefore, Plaintiff fails to state an Eighth Amendment medical claim against LVN Lisa.

**RN Sarah H.**

RN Sarah H. agreed with LVN Lisa that Plaintiff's only had a toe injury, which could not be treated. RN Sarah H. also met with Plaintiff, took a photo of his foot, and provided Plaintiff with an ice pack.  These allegations do not state an Eighth Amendment medical claim against RN Sarah H. for the same reason stated above  because these facts do not show that she knew or purposely ignored a risk of serious harm to Plaintiff.

///

### 2.    *Fourteenth Amendment Due Process Claim*

**Deputy Fulmer**

As above, Plaintiff fails to state any claim against Fulmer for inadequate medical care, because Plaintiff's only allegation against Deputy Fulmer is that Fulmer signed Plaintiff's grievance and forwarded it to medical staff.

**LVN Lisa**

LVN Lisa made an intentional decision with respect to Plaintiff's foot injury when she met with Plaintiff two hours after the injury, spoke to him, and administered pain medication, although it was for another medical issue.  LVN Lisa's failure to take further measures to treat the broken bone in Plaintiff's foot may have put Plaintiff at substantial risk of suffering serious harm, but an LVN in the same circumstances could have reasonably believed that Plaintiff's injury did not involve a high degree of risk.  In fact, Plaintiff has alleged that RN Sarah H., agreed with LVN Lisa that Plaintiff's foot injury was not serious.  Therefore, under the objective deliberate indifference test, Plaintiff fails to state a medical claim against LVN Lisa.

**RN Sarah H.**

RN Sarah H. made an intentional decision about Plaintiff's injury when she agreed with LVN Lisa that Plaintiff only had a toe injury that could not be treated.  Also, RN Sarah H. met with Plaintiff, took a photo of his foot, and provided Plaintiff with an ice pack.  However, since another nurse under the same circumstances also reasonably believed that Plaintiff's injury did not involve a high degree of risk to Plaintiff's health or safety, Plaintiff fails to state a medical claim against RN Sarah H. under the objective deliberate indifference test.

**C.    Request for Relief**

In his request for relief, Plaintiff requests attorney's fees and injunctive relief.  With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b).  However, Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit.  Plaintiff is representing himself in this action.  Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails.  See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411,

1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a *per se* rule, categorically precluding an award of attorney's fees under § 1988 to a *pro se* attorney-plaintiff.")

Furthermore, Plaintiff is not entitled to injunctive relief related to the events at the South Valley Detention Facility, because Plaintiff is no longer there. Plaintiff has been transferred to Avenal State Prison. When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides that the court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

## V.       CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's Complaint fails to state a cognizable claim against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in his claims identified by the court.

///

Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2022). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.  Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on January 19, 2021.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Complaint, filed on January 19, 2021, is dismissed for failure to state a claim, with leave to amend;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within thirty days of the date of service of this order, Plaintiff is required to file a First Amended Complaint;

4.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:21-cv-00076-GSA-PC; and

5.   Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **March 29, 2022**                **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE